IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JACINTO HERRERA GUTIERREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-1935 (RDA/IDD) |
| ) | |
| JOSEPH SIMON, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

This matter comes before the Court on Petitioner Jacinto Herrera Gutierrez's ("Petitioner") Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs Enforcement ("ICE") custody pursuant to the original bond order entered by the Immigration Judge in his immigration proceedings. Petitioner argues that, as originally found by the Immigration Judge, he is detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that his ongoing detention pursuant to the Government's argument on appeal that he is being detained under § 1225(b)(2) violates his due process rights. Respondents opposed the Petition and asserted that Petitioner was properly detained under § 1225(b)(2). Dkt. 4. For the reasons set forth below, the Petition is GRANTED.

### I. BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States in 2008 and who has resided in the United States continuously since that time. Dkt. 1 ¶ 1. In 2013, Petitioner was placed into removal proceedings after being arrested for public intoxication, open container, and driving with no operator's license. Dkt. 1 ¶ 54; Dkt. 1-1 at 37-40. In 2016, Petitioner's removal

1

proceedings were administratively closed pursuant to prosecutorial discretion. Dkt. 1 ¶ 54; Dkt. 1-1 at 42-46.

On August 21, 2025, Petitioner was pulled over by immigration officials. *Id.* ¶ 52. The law enforcement officers did not provide a reason for their traffic stop or mention anything related to traffic violations at any point during the traffic stop. *Id.* Instead, they asked Petitioner where he was from. *Id.* When he responded "Mexico," the law enforcement officers asked him to get out of his vehicle and arrested him. *Id.* Petitioner is currently in the physical custody of Respondents at the Farmville Detention Center located in Farmville, Virginia. *Id.* ¶ 2.

On September 4, 2025, an Immigration Judge granted Petitioner's request for bond, setting a bond amount of $5,000. *Id.* ¶ 6; Dkt. 1-1 at 4-5. The same day, DHS filed an EOIR-43, Notice of ICE Intent to Appeal Custody Redetermination. Dkt. 1 ¶ 7; Dkt. 1-1 at 7. On September 8, 2025, DHS filed a Motion to Reconsider Bond Order, arguing that the Immigration Judge did not have jurisdiction to grant bond pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Dkt. 1 ¶ 8; Dkt. 1-1 at 9-32. On September 19, 2025, the Immigration Judge granted the Motion, concluding that the court did not have jurisdiction to grant the bond pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Dkt. 1 ¶ 9; Dkt. 1-1 at 34-35.

On October 31, 2025, Petitioner initiated this proceeding. Dkt. 1. On November 4, 2025, this Court set a briefing schedule. Dkt. 2. On November 7, 2025, Respondents filed their Opposition. Dkt. 4. Petitioner did not file a reply.

This matter was originally set for a hearing on November 19, 2025, but now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II. LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'" *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted). After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III. DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention. *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

With respect to the substance of his claim, Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2), and that his constitutional due process rights are being violated because the mandatory detention provision of § 1225(b)(2) does not apply to him. Petitioner requests that he be released pursuant to the initial bond order entered by the Immigration Judge in his immigration proceedings. In their Opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Petitioner is detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a). Moreover, Respondents argue that because Petitioner was not legally granted entry into the country, he is still "seeking admission," making § 1225(b)(2) the appropriate statute to apply to his detention.

Further, Respondents assert that petitioners subsequently placed into removal proceedings who have not actually been "admitted" are subject to mandatory detention under § 1225(b). Petitioner asserts that he is neither "seeking admission" nor an applicant for admission as he was already present in the country prior to his detention.

This Court observes that the parties' arguments are substantially similar to others made in recent habeas cases in this District.[1] Here, like there, the dispositive issue is reduced to whether Petitioner's detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a). Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a). Dkt. 4. Respondents acknowledge that their arguments have previously been rejected by numerous decisions both in this District and other district courts across the country and do not argue that this case is factually distinguishable such that it would require a

---

[1] *See, e.g., Hasan v. Crawford*, -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. 2025) (Brinkema, J.); *Luna Quispe v. Crawford*, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025) (Trenga, J.); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sep. 30, 2025) (Nachmanoff, J); *Vargas Nunez v. Lyons*, 1:25-cv-1574, Dkt. 10 (E.D. Va. Oct. 1, 2025) (Brinkema, J.); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583, Dkt. 8 (E.D. Va. Oct. 1, 2025) (same); *Gomez Alonzo v. Lyons*, 1:25-cv-1587, Dkt. 16 (E.D. Va. Oct. 1, 2025) (same); *Perez Bibiano v. Lyons*, 1:25-cv-1590, Dkt. 8 (E.D. Va. Oct. 2, 2025) (same); *Ortiz Ventura v. Noem*, 1:25-cv-1429, Dkt. 16 (E.D. Va. Oct. 2, 2025) (Nachmanoff, J.); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511, Dkt. 9 (E.D. Va. Oct. 3, 2025) (same); *Guerra Leon v. Noem*, 1:25-cv-1634, Dkt. 12 (E.D. Va. Oct. 8, 2025) (Brinkema, J.); *Maldonado Merlos v. Noem*, 1:25-cv-1645, Dkt. 11 (E.D. Va. Oct. 9, 2025) (same); *Alfaro v. Lyons*, 1:25-cv-1569, Dkt. 11 (E.D. Va. Oct. 11, 2025) (Trenga, J.); *Singh v. Lyons*, 1:25-cv-1606, Dkt. 6 (E.D. Va. Oct. 14, 2025) (same); *Teyim v. Perry*, 1:25-cv-1615, Dkt. 9 (E.D. Va. Oct. 15, 2025) (Nachmanoff, J.); *Arevalo Paniagua v. Simon*, 1:25-cv-1714, Dkt. 9 (E.D. Va. Oct. 29, 2025) (Alston, J.); *Boquin Oliva v. Noem*, 1:25-cv-1592, Dkt. 12 (E.D. Va. Oct. 29, 2025) (same); *Quintero Flores v. Noem*, 1:25-cv-1614, Dkt. 9 (E.D. Va. Oct. 29, 2025) (same); *Aguilar-Cruz v. Noem*, 1:25-cv-1740, Dkt. 8 (E.D. Va. Oct. 29, 2025) (same); *Romero-Torres v. Perry*, 1:25-cv-1726, Dkt. 7 (Oct. 30, 2025) (same).

different outcome. Consequently, this Court also finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. *See, e.g., Singh v. Lyons, et. al.*, 2025 WL 2932635 at *4 (E.D. Va. Oct. 14, 2025) (finding that Respondents' application of § 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that § 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully)). As the Supreme Court held in *Jennings v. Rodriguez*, § 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas § 1225(b) governs "aliens seeking admission into the country." 583 U.S. 281, 288–89 (2018).[2] Since Petitioner entered the country in 2008, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in § 1226(a).

Having determined that Petitioner's detention is governed by § 1226(a), the Court must consider whether his continued detention violates his due process rights. In that regard, the Court concludes that, for the same reasons the court found in *Luna Quispe*, 2025 WL 2783799 at *7–9, Petitioner's continued detention under § 1226(a) in contradiction to the determination made by the Immigration Judge under § 1226(a) at Petitioner's initial bond hearing violates Petitioner's substantive and procedural due process rights. For the above reasons, Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention

---

[2] The scheme developed by Congress, as interpreted in *Jennings*, affords more protections to aliens who make it past the border and deeper into the United States without being processed by immigration authorities than those stopped at the border. The Court finds this odd and questions the incentives that it creates.

procedures, and the Court finds that Petitioner may not be denied bond on the basis that he is detained pursuant to § 1225(b)(2).[3]

## IV. CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is GRANTED, and it is hereby

ORDERED that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that in the event Petitioner posts bond pursuant to the initial order of the Immigration Judge in his case, Respondents are ENJOINED from rearresting Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Petitioner is detained under § 1225(b)(2) ; and it is

FURTHER ORDERED that hearing on this matter scheduled for November 19, 2025 is CANCELED.

The Clerk is directed to send copies of this Order to all counsel of record and directed to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
November 14, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[3] Because the Court finds Petitioner is entitled to relief on one ground of his Petition, it need not address his remaining arguments.